

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK NICHOLSON
4515 North 19th street
Philadelphia, PA 19140
                    *Plaintiff Pro Se*

:Civil Action No. 08cv 3776

                    v.

P/O BRUNO ESTEVES
Badge #6701, 39th Police District
P/O CHARLES NELSON #9347
P/O SLOBODIAN #4899
39TH Police District
c/o Law Department
1515 Arch street, 15th floor
Philadelphia, PA 19103
                    *Defendants*

## COMPLAINT – Civil Action

*Introduction*

This is a civil rights case.  The plaintiff is an African-American male whom the defendants, using excessive force, beat and injured in the process of arresting him and arrested him without probable cause.

*Jurisdiction*

1.  This action is brought pursuant to 42 U.S.C. section 1983 and the Fourth, Fifth and Fourteenth amendments to the Constitution of the United States as well as under state law.  Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343(a), (3). (4) and the aforementioned statutory provisions as well as upon state law relating to assault and battery.  Venue is properly placed in the Eastern District of Pennsylvania because the defendants have at all time resided in the either the city and county of Philadelphia, Pennsylvania  and the actions which gave rise to this complaint took place in the county of Philadelphia.

1

*Parties*

2. Plaintiff, Derrick Nicholson, is an adult, 55-year old African-American male citizen of the United States who resides at the above address in the county of Philadelphia.

3. Defendant Bruno Esteves was at all times a sworn officer of the Philadelphia Police Department and acting within the course and scope of his employment and under color of state law. He is being sued in his individual and official capacities.

5. Defendant Charles Nelson was at all times a sworn officer of the Philadelphia Police Department and acting within the course and scope of his employment and under color of state law He is being sued in his individual and official capacities.

6. 6. P/o Solobodian was at all times a sworn officer of the Philadelphia Police Department and acting within the course and scope of his employment and under color of state law He is being sued in his individual and official capacities.


*Facts*

7. On or about at or around 3p.m.on August 16, 2006 the plaintiff was a passenger in a car driven by another individual when the defendants Esteves . Nelson and Slobodian acting in their capacities as Philadelphia Police Officer, stopped him and arrested him for possession of a handgun.

8.  .  In the process of stopping and arresting him the aforesaid police officers threw him against a car and stepped on his hand and physically abused him without provocation.

10.  As a result of his arrest plaintiff had to post bail and spent time in prison and suffered injuries as hereinafter described.

COUNT I

*CONSTITUTIONAL CLAIMS*

**Plaintiffs v.  All Defendants**

10.  The allegations of paragraphs 1 through 16 are incorporated herein as if fully set forth.

12.  Defendants acted in a malicious manner.

18.  Defendants were reckless and deliberately indifferent to the plaintiffs' constitutional rights.

19.  Defendants used excessive force in effecting the arrest of the plaintiff.

19.  Defendants arrested and prosecuted the plaintiff without probable cause and for no valid reason in violation of the Fourth, Fifth and Fourteenth amendments to the United States Constitution, denying him both procedural and substantive due process.

20.  The action of the defendants in lying to justify the arrest and the conviction of the plaintiff constituted wrongful arrest and false arrest and imprisonment in violation of the Fourth and Fourteenth amendments and state law.

22.  As a direct and proximate result of the defendants' action the plaintiff suffered a loss of liberty.

23. As a direct and proximate result of the defendants' action the plaintiff have suffered and will suffer physical and emotional pain. Specifically, he is emotionally traumatized by being falsely accused and arrested, have nightmares and are fearful of police.  All of their injuries are permanent and have prevented the plaintiff from working in his chosen occupation for a prolonged period and continue to cause him pain and suffering. What is more he has suffered injuries to his right hand—carpal tunnel syndrome and arthritis— and his back.

24. As a direct and proximate result of the actions of the defendants as set forth above plaintiff will in the future require medical care and attention for the physical and emotional injury, shock and trauma they has sustained.

25. As a direct and proximate result of plaintiff need for medical attention plaintiff has expended and may in the future be obligated to expend sums of money for such treatment.

26. As a direct and proximate result of their imprisonment and injuries the plaintiff has been rendered unable to work in his chosen profession for a prolonged period of time.

27. The aforesaid conduct of the defendants was willful and malicious and a claim is made against defendants for punitive damages.

28. Defendants have violated plaintiffs' Fifth, Fourth and Fourteenth amendment rights and right to equal protection under the law in contravention of 42 U.S.C. sec. 1983.

29. Plaintiff specifically incorporate their claims for false arrest, false imprisonment, wrongful arrest and malicious prosecution as the basis for relief under the civil rights laws invoked herein.

30. All of the defendants acted under color of state law and as individuals.

4

31. Plaintiff demands a trial by jury according to law.

WHEREFORE, plaintiff demand compensatory damages against all parties, punitive damages against the individual named defendants only, reasonable attorneys' fees and costs as well as such other and further relief as this Court deems reasonable and just.

## COUNT II

### STATE CLAIMS FOR FALSE ARREST, FALSE IMPRISONMENT, WRONGFUL ARREST AND MALICIOUS PROSECUTION
### Derrick  Nicholson v. All Defendants

32. The averments of paragraphs 1 through 31 are repeated herein as if fully set forth.

33. The defendants initiated the criminal proceeding against the plaintiff without probable cause and in doing so acted maliciously for purposes other than that of bringing the matter to justice.

34 . The acts and conduct alleged in the above stated cause of actions constitute false arrest, wrongful arrest, false imprisonment and malicious prosecution under the laws of the Commonwealth of Pennsylvania and this Court has pendent jurisdiction to hear and adjudicate such claims.

WHEREFORE, plaintiff demands compensatory damages, punitive damages, reasonable attorneys' fees and costs as well as such other and further relief as this Court deems reasonable and just.

DERRICK NICHOLSON, *Pro Se*

August    , 2008

5

HB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERICK NICHOLSON
4515 N 19TH ST
PHILA PA 19140 PLAINTIFF

39th Police District   **VS.**   Pro Se

PO BRUNO ESTEVEZ
Badge #6701  39th Police District
PO CHARLES NELSON #9347
PO SLOBODIAN # 4399

CIVIL ACTION NO. 08cv 3776

## **COMPLAINT**

Plus being misled by Counsel Anthony Gianfrani By sending notice that I Had up to August 17th (2009) for Statue of Limitation which really runs out this year August of 17th of (2008)

# CONTACT INFORMATION SHEET

**Civil Action No.:** _____

**Name:** DERICK NICHOLSON
(Please print)

**Address:** 4515 N-b 19th ST

Phila Pa 19140

**Phone #:** 215 - 324 - 0654
**(Include area code)**

**E-mail address:** _____

§

# CIANFRANI LAW, LLC

### ANTHONY L. CIANFRANI, ESQUIRE
**1500 Walnut Street**
**Suite 1920**
**Philadelphia, PA 19102**

*alcianfrani@verizon.net*

**Phone: (215) 985-1507**                                          **Fax: (215) 985-1607**
April 21, 2008

**CERTIFIED AND REGULAR MAIL**
Derrick Nicholson
4515 N. 19th Street
Philadelphia, PA 19140

RE: **Derrick Nicholson v. City of Philadelphia and various arresting officers**
   **Date Of Incident: 8-17-06**

Dear Mr. Nicholson:

After investigation, I have decided not to pursue a claim on your behalf on personal injuries you may have sustained on August 17, 2006. Accordingly, I am withdrawing my representation of you with regard to all possible injuries arising out of this matter. My decision not to pursue this matter does not mean that a claim cannot be successfully brought on your behalf. You may wish to consult with other lawyers concerning this matter.

You have informed me that you injured your wrist when handcuffs were placed on you during an arrest that occurred on August 17, 2006. Please be advised that there is a two-year statute of limitations on this matter. That means that you have until August 16, 2009 to bring to suit for the injuries you may have sustained. If you wish to pursuer this matter you should speak with another attorney as soon as possible.

Please be sure that I will cooperate with any attorney you may choose to retain or consult in connection with this matter. I am sorry that I did not find sufficient grounds in order to bring in a lawsuit in this matter.

Yours Truly,

ANTHONY L. CIANFRANI, ESQUIRE

ALC/jaf